UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 05-70(8)(DSD/RLE)
Civil No. 07-4106(DSD)

United States of America,

Plaintiff,

v. **ORDER**

Jesus Jimenez Valencia,

Defendant.

This matter is before the court upon defendant's pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motion is denied.

**BACKGROUND**

Defendant Jesus Jimenez Valencia was charged by grand jury in a five-count indictment on March 8, 2005. Count 1 charged defendant with conspiracy to possess with intent to distribute and to distribute in excess of five hundred grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Counts 2 and 3 charged defendant with aiding and abetting possession with intent to distribute in excess of five hundred grams of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. Count 4 charged defendant with conspiracy to possess with intent to distribute and

to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Count 5 charged defendant with aiding and abetting possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. On June 16, 2005, defendant pleaded guilty to count 1 of the indictment. In his plea agreement, defendant acknowledged that he was subject to a ten-year statutory minimum sentence if the safety valve provision did not apply and agreed to waive his right to direct or collateral appeal unless his sentence exceeded 135 months. (Plea Agreement ¶¶ 5, 8.)

On December 21, 2005, the court conducted an evidentiary hearing and then sentenced defendant to 180 months imprisonment. Prior to the sentencing hearing, defendant's attorney objected on numerous grounds to the probation officer's calculation of the advisory guidelines and filed a sentencing position paper for the court's consideration in which he argued for application of the safety valve provision and discussed the impact of United States v. Booker, 543 U.S. 220 (2005). At the sentencing hearing, defendant's attorney reiterated that defendant's role in the offense was minimal and that the safety valve should apply. The court overruled defendant's objections and determined that the applicable Sentencing Guidelines were a total offense level of 35

and a criminal history category of I, which resulted in an advisory imprisonment range of 168 to 210 months. Defendant timely appealed his sentence, and in an unpublished decision on June 27, 2006, the Eighth Circuit Court of Appeals affirmed defendant's sentence. See United States v. Valencia, 186 Fed. Appx. 711 (8th Cir. 2006).

On September 24, 2007, defendant filed a pro se motion to vacate, set aside or correct the court's sentence pursuant to 28 U.S.C. § 2255. Defendant argues that he received ineffective assistance of counsel because his counsel failed to argue for a sentencing departure based on defendant's illegal alien status and failed to inform defendant of his right to seek review before the United States Supreme Court.

## DISCUSSION

### I. Evidentiary Hearing

A § 2255 motion can be dismissed without an evidentiary hearing if the defendant's allegations, accepted as true, do not entitle him to relief or the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). A defendant is entitled to an evidentiary hearing on a § 2255 motion "unless the motion, files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255.

**II. § 2255 Motion**

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. 28 U.S.C. § 2255; see United States v. Addonizio, 442 U.S. 178, 185 (1979); Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997). Collateral relief is considered an extraordinary remedy. Bousley v. United States, 523 U.S. 614, 621 (1998). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Defendant's claim that he received ineffective assistance of counsel is properly raised in a § 2255 motion. United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006); United States v. Martinez-Cruz, 186 F.3d 1102, 1105 (8th Cir. 1999).

To establish a claim of ineffective assistance, defendant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005). First, defendant must show that his counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. There is a "strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance," and the court reviews counsel's performance with significant deference. Id. at 689. In reviewing counsel's performance the court does not ask whether counsel's decisions were "correct or wise," but rather determines whether the decision "was an unreasonable one which only an incompetent attorney would adopt." United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996) (internal quotations omitted).

Second, defendant must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. In other words, defendant has the burden to prove that he likely would have prevailed on the issues had they been properly presented by his attorney. Anderson, 393 F.3d at 753-54.

**A. Defendant's Alien Status**

Defendant argues that his counsel was ineffective for failing to argue for a downward departure under 18 U.S.C. § 3553(a) based on the more onerous prison conditions defendant faces as an illegal alien. Defendant cites as such conditions the lack of a sentence reduction for aliens upon completion of the bureau of prison's residential drug abuse program, the unavailability of halfway house placement for aliens and the placement of aliens at higher security facilities as compared to United States citizens.

A defendant's status as a deportable alien alone is not a basis for a downward departure. See United States v. Lopez-Salas, 266 F.3d 842, 848-49 (8th Cir. 2001). Counsel's failure to argue for departure based on this ground, therefore, was not ineffective assistance. See United States v. Valles-Juarez, No. 8:04CR547, 2007 WL 3376786, at *4 (D. Neb. Nov. 7, 2007). Further, defendant's counsel argued for a downward variance under § 3553(a) for a host of other reasons, (See Def.'s Position on Sentencing Factors, Doc. No. 174, at 6.), and his decision not to argue one dubious ground falls within the "wide range" of reasonable legal assistance and strategy. Brown v. Luebbers, 344 F.3d 770, 775 (8th Cir. 2003). For these reasons, the court determines that defendant's counsel did not render ineffective assistance by failing to seek a downward departure based on defendant's alien status.

**B. Supreme Court Review**

Defendant argues that counsel failed to inform him of the right to seek Supreme Court review. Where an attorney disregards specific instructions from a defendant to file a notice of appeal, the attorney "acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). However, as a constitutional matter, counsel's failure to consult with a defendant about an appeal is not "necessarily unreasonable, and therefore deficient" in every case. Id. at 479. The

constitutionally imposed duty to consult with a defendant about an appeal exists only where there is reason to think "either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Therefore, ineffective assistance of counsel "cannot be presumed from the failure to advise that an appeal be taken." United States v. Neff, 525 F.2d 361, 364 (8th Cir. 1975).

Based upon a review of the record and the Eighth Circuit's opinion on defendant's direct appeal, the court finds no nonfrivolous grounds upon which defendant could have appealed. However, the record is incomplete as to whether defendant expressed an interest in further appeal or whether counsel informed defendant that he had that right. Without such information, the court cannot determine whether counsel rendered ineffective assistance. Therefore, an evidentiary hearing is necessary to resolve these issues.

In accordance with Rule 8(c) of the Rules Governing § 2255 Proceedings, defendant is entitled to appointment of counsel under 18 U.S.C. § 3006A to represent him at the hearing. See Green v. United States, 262 F.3d 715 (8th Cir. 2001). Pursuant to 18 U.S.C. § 3006A(a), the court is to furnish counsel for any person "financially unable to obtain adequate representation." Counsel is

to be appointed to represent a defendant seeking relief under § 2255 if the "interests of justice so require." See 18 U.S.C. § 3006A(a)(2)(B). Based upon the financial information contained in the presentence investigation report and the court's determination that an evidentiary hearing is warranted, the interests of justice require that defendant be appointed counsel.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside or correct sentence [Doc. No. 211] is denied as to the ineffective assistance claim based on defendant's alien status.

2. Defendant shall be appointed counsel to represent him for purposes of the remaining ineffective assistance claim in his § 2255 motion.

3. Defendant shall have until April 25, 2008, to schedule an evidentiary hearing and to file a memorandum of law related to the hearing and in response to the government's answer to the § 2255 motion.

4. The government shall respond to such memorandum by May 9, 2008.

Dated: March 26, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court